**FILED**

JUL - 8 2009

Clerk, U.S. District and
Bankruptcy Courts

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

Genentech, Inc.
1 DNA Way
South San Francisco, CA 94080

              Plaintiff,

    v.

HON. JOHN J. DOLL
Acting Under Secretary of Commerce for
Intellectual Property and Acting Director of the
United States Patent and Trademark Office

Office of General Counsel, United States
Patent and Trademark Office, P.O. Box
15667, Arlington, VA 22215
Madison Building East, Rm. 10B20, 600
Dulany Street, Alexandria, VA 22314

              Defendant.

Case: 1:09-cv-01265
Assigned To : Kennedy, Henry H.
Assign. Date : 7/8/2009
Description: Admn. Agency Review

## COMPLAINT

Plaintiff Genentech, Inc. ("Genentech"), for its complaint against the Honorable John J.

Doll, states as follows:

### NATURE OF THE ACTION

1.      This is an action by the assignee of United States Patent No. 7,476,724 ("the '724

patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment

for the '724 patent be changed from 431 days to 541 days.

2.    This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3.    Plaintiff Genentech is a corporation organized under the laws of the State of Delaware, having a principal place of business at 1 DNA Way, South San Francisco, CA 94080.

4.    Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the U.S. Patent and Trademark Office ("PTO"), acting in his official capacity.  The Director is the head of the PTO, charged by statute with providing management supervision for the PTO and for the issuance of patents.  The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6.    Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7.    This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) and Fed. R. Civ. P. 6(a)(3).  This Complaint is filed within 180 days of the Director's grant of the patent at issue and is within such period when the time period provided by § 154(b)(4)(A) is equitably tolled.

## BACKGROUND

8.      Mark S. Dennis, Karen Billeci, Judy Young, and Zhong Zheng are the inventors of U.S. patent application number 11/196,917 (the '917 application), entitled "Humanized Anti-cmet Antibodies," which was issued as the '724 patent on January 13, 2009. The '724 patent concerns therapeutic anti-c-met antibodies and compositions comprising and methods of using these antibodies. The '724 patent is attached as Exhibit A.

9.      Plaintiff Genentech is the assignee of the '724 patent, as evidenced by assignment documents recorded in the PTO, and is the real party in interest in this case.

10.     Section 154 of title 35, U.S.C., requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b), which sets forth a "Guarantee of prompt Patent and Trademark Office responses" and a "Guarantee of no more than 3-year application pendency." Moreover, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11.     In determining the patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12.     The Director made a determination of patent term adjustment for the '917 application pursuant to 35 U.S.C. § 154(b)(3) and notified Genentech on December 22, 2008 of

that determination and its intent to issue the '724 patent on January 13, 2009 reflecting its patent term adjustment determination.

13.    PTO regulation 37 C.F.R. 1.705(d) provides in part that "…If the patent indicates or should have indicated a revised patent term adjustment, any request for reconsideration of the patent term adjustment indicated in the patent must be filed within two months of the date the patent issued and must comply with the requirements of paragraphs (b)(1) and (b)(2) of this section."

14.    Genentech petitioned the PTO to reconsider the Director's patent term adjustment period for the '724 patent on February 27, 2009, and complied with the applicable regulatory requirements.  The petition is attached as Exhibit B.

15.    On September 20, 2008, this Court issued its opinion in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), in which it accepted substantially the same patent term adjustment calculations advanced by Petitioner Genentech in its petition for reconsideration, and specifically rejected the approach for calculating the period of adjustment used by the Director to determine Petitioner Genentech's patent term adjustment.

16.    The Director has not yet made a decision regarding Genentech's petition.  As of July 8, 2009, it has been 176 days since the patent issued.

## CLAIM FOR RELIEF

17.    The allegations of paragraphs 1-16 are incorporated in this claim for relief as if fully set forth.

18.     The patent term adjustment for the '724 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '724 patent, is 431 days. (*See* Ex. A at 1).

19.     The Director's determination of the 431-day patent term adjustment is in error because the PTO failed to properly account for the period of time between the date that was three years after the actual filing date of the '917 application and the date that the application was issued as a patent ("the three year delay"), pursuant to 35 U.S.C. § 154(b)(1)(B), which did not overlap with the period of delay under 35 U.S.C. 154(b)(1)(A). The correct patent term adjustment for the '724 patent is at least 541 days.

20.     The '917 application was filed on August 4, 2005, and the '724 patent was issued on January 13, 2009.

21.     The Plaintiff is entitled to an adjustment of the term of the '724 patent under 35 U.S.C. § 154(b)(1)(A) of 515 days, which is the number of days attributable to PTO examination delay ("A Delay") . This "A Delay" is due to the failure of the PTO to mail an action under 35 U.S.C. § 132 not later than 14 months from the actual filing date of the application in addition to the delay from 4 months after the issue fee was paid until the issue date of the patent. The "A Delay" period for the '917 application is the period between October 4, 2006 (14 months after the filing date of the '917 application) and January 10, 2008 (the mailing date of the PTO's First Office Action) in addition to the period between November 22, 2008 (4 months after the issue fee was paid) and January 13, 2009 (the issue date of the patent).

22.     The Plaintiff is also entitled to an additional adjustment of the term of the '724 patent under 35 U.S.C. § 154(b)(1)(B), of 162 days, which is the number of days between the date that was three years after the actual filing date of the '917 application (*i.e.*, August 4, 2008)

5

and the date that the '724 patent was granted (*i.e.*, January 13, 2009) ("B Delay"). *See* 35 U.S.C. § 154(b)(1)(B)(i).

23.    Section 154(b)(2)(A) of title 35, U.S.C., provides that "to the extent that periods of delay attributable to grounds specified in paragraph [(b)](1) overlap, the period of any adjustment ... shall not exceed the actual number of days the issuance of the patent was delayed." There are a total of 52 days on which the "A Delay" and "B Delay" periods overlap, all of which fall within the period from November 22, 2008 to January 13, 2009.

24.    The total period of PTO delay was 625 days, which is the sum of the "A Delay" (515 days) and the "B Delay" (162 days) periods minus the period of overlap (52 days).

25.    The '724 patent is not subject to a disclaimer of term. Thus, the period of patent term adjustment for the '724 patent is not limited under 35 U.S.C. § 154(b)(2)(B).

26.    Under 35 U.S.C. § 154(b)(2)(C), the total period of PTO delay is to be reduced by the period of applicant delay, which the Director determined for the '724 patent was 84 days.

27.    Accordingly, the correct patent term adjustment to which Plaintiff is entitled under 35 U.S.C. § 154(b)(1) and (2) is a net adjustment of 541 days, which is the sum of the "A Delay" and "B Delay" (515+ 162 = 677 days) reduced by the period of overlap between the "A Delay" and "B Delay" (52 days) and further reduced by the period of applicant delay (84 days).

28.    The Director erred in the determination of patent term adjustment for the '724 patent by erroneously treating the period of "B Delay" as overlapping with the "A Delay," and crediting only the greater of the two delays (*i.e.*, the "A Delay" of 515 days), instead of correctly crediting the sum of both the "A Delay" and "B Delay" periods (*i.e.*, 677 days) and substracting any period of overlap (*i.e.*, 52 days). Thus, the Director incorrectly determined that the net

6

patent term adjustment for the '724 patent as <u>431 days</u> (463 days – 84 days = 431 days). By this erroneous calculation, the Director has deprived the Plaintiff of the full patent term adjustment to which it is entitled (calculated above as <u>541 days</u>).

29.     In its opinion in *Wyeth v. Dudas*, this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. 580 F. Supp. 2d at 140, 142. In accord with this Court's *Wyeth* decision, the patent term adjustment for the '724 patent is properly determined to be 541 days, as set forth above.

30.     The Director's determination that the '724 patent is entitled to only 431 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and in excess of statutory jurisdiction, authority, or limitation.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.    Issue an Order changing the period of patent term adjustment for the '724 patent term from 431 days to <u>541 days</u> and requiring the Director to revise the term of the '724 patent to reflect the <u>541 day</u> patent term adjustment.

B.    Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully submitted,

SIDLEY AUSTIN LLP

Dated:  July 8, 2009

Jeffrey P. Kushan (Bar no. 461155)
David L. Fitzgerald (Bar no. 476225)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711

Attorneys for Plaintiff Genentech Inc.